IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01316-BNB

RODNEY B. ALLEN,

    Plaintiff,

v.

M. TUCKER (Pueblo Unit Manager),
BATULIS (Pueblo Unit Counselor),
McAVOY (Norwood Unit Manager), and
UNITED STATES OF AMERICA,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Rodney B. Allen, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado.  Mr. Allen has filed *pro se* a Prisoner Complaint (ECF No. 1) and "Plaintiff's Original Complaint" (ECF No. 3).  He seeks damages as well as declaratory and injunctive relief.

    The court must construe the pleadings filed by Mr. Allen liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Allen will be ordered to file one amended pleading on the proper form if he wishes to pursue his claims in this action.

    The court has reviewed the pleadings filed by Mr. Allen and finds that they are deficient.  For one thing, it is not clear what claims Mr. Allen intends to pursue in this

action because he has filed two different pleadings at the same time.  In the Prisoner Complaint, Mr. Allen asserts three constitutional claims that relate to the conditions of his confinement at the Florence prison in which he currently is incarcerated.  The Prisoner Complaint lists as Defendants the United States and three prison officials at the Florence prison.  In "Plaintiff's Original Complaint," Mr. Allen alleges that his rights have been violated at a number of different federal prisons.  Although the four Defendants listed in the Prisoner Complaint are the only Defendants listed in the caption of "Plaintiff's Original Complaint," the vast majority of Mr. Allen's factual allegations in "Plaintiff's Original Complaint" do not relate to the Florence Defendants or any events at the Florence prison.  As a result, it appears that Mr. Allen intends to assert his claims in "Plaintiff's Original Complaint" against federal prison officials at each of the different prisons in which he has been incarcerated.  However, it does not appear that venue is proper in the District of Colorado for any claims Mr. Allen may seek to raise regarding the conditions of his confinement at federal prisons outside of Colorado and it also does not appear that the court has personal jurisdiction over the federal prison officials who allegedly violated Mr. Allen's rights at federal prisons outside of Colorado.  Therefore, the court will consider Mr. Allen's claims against Defendants as set forth in the Prisoner Complaint.

　　　　The court finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Allen fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to identify which Defendant or Defendants he is suing with respect to each asserted claim, he fails to allege clearly and concisely what each Defendant did that allegedly violated his rights, and he fails to identify the specific facts that support each asserted claim. Instead, Mr. Allen makes vague and conclusory allegations that Defendants collectively have violated his constitutional rights. Although Mr. Allen does include some specific factual allegations regarding the individual Defendants in "Plaintiff's Original Complaint," those allegations still do not identify specifically what each Defendant did that allegedly violated his rights.

     For these reasons, Mr. Allen will be ordered to file an amended complaint using the court-approved Prisoner Complaint form. For each claim he asserts in the amended complaint, Mr. Allen "must explain what each defendant did to him or her; when the

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

   ORDERED that Mr. Allen file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

   FURTHER ORDERED that Mr. Allen shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

   FURTHER ORDERED that, if Mr. Allen fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 22, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge