IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01316-BNB

RODNEY B. ALLEN,
    Plaintiff,

v.

M. TUCKER (Pueblo Unit Manager),
BATULIS (Pueblo Unit Counselor),
McAVOY (Norwood Unit Manager)
UNITED STATES OF AMERICA,
G. SANTINI, M.D. (Staff Physician),
A. ALVERADO (Assistant Health Administrator),
ST. THOMAS MOORE HOSPITAL,
JACOB F. PATTERSON,[1]
TERESA RHODES (Warden),
K. COZZO (Assistant Warden),
M. GOODIN (FCC Chief Pharmacist),
A. VINYARD (Mid-Level Provider),
S. HENDRICKS (Registered Nurse),
ROGERS (Registered Nurse),
T. OVERY (Paramedic/Health Technician),
M. KELLER (FCC Health Service Administrator),
BALJEK (BOP Officer – Bureau of Prisons Officer),
KOCH (Bureau of Prisons Officer),
PRICE (Bureau of Prisons Officer),
BRAWL (Bureau of Prisons Officer),
VINCENT (Norwood Unit Counselor),
HUTCHINSON (Psychologist), and
NORMAN K. LAU (Office of Inspector General),
    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Rodney B. Allen, is a prisoner in the custody of the United States

---

[1] Plaintiff spells Defendant Patterson's last name as "Petterson" in the caption of the amended Prisoner Complaint and as "Patterson" in the text of the amended Prisoner Complaint. Documents attached to the amended Prisoner Complaint confirm that the correct spelling is "Patterson." (*See* ECF No. 9-4 at 4-5.)

Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Allen initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and Plaintiff's Original Complaint (ECF No. 3) claiming that his constitutional rights have been violated. On May 22, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Allen to file one amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland specifically determined that Mr. Allen failed to provide a short and plain statement of his claims showing he is entitled to relief because he failed to identify who he was suing with respect to each asserted claim, failed to allege clearly and concisely what each Defendant did that allegedly violated his rights, and failed to allege specific facts in support of each asserted claim.

On July 23, 2013, Mr. Allen filed an amended Prisoner Complaint (ECF No. 9) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Allen asserts three numbered claims for relief, each of which includes a number of distinct subclaims, alleging that his rights under the United States Constitution have been violated. He seeks damages as relief.

The Court must construe the amended Prisoner Complaint liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Allen's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

The Court notes initially that Mr. Allen fails to assert any claims against the United States of America, M. Keller, and St. Thomas Moore Hospital although they are listed as Defendants in the amended Prisoner Complaint.  With respect to St. Thomas Moore Hospital, Mr. Allen does allege that two nurses on the medical staff at the hospital violated his rights.  However, Mr. Allen does not assert any claim against the hospital itself.  Therefore, the United States of America, M. Keller, and St. Thomas Moore Hospital will be dismissed as parties to this action.

### Claim 1

Mr. Allen first claims that prison officials have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Claim 1 includes three distinct subclaims.

### Claim 1(a)

Mr. Allen alleges in claim 1(a) that Defendant G. Santini intentionally changed his

prescribed pain medication and interfered with his prescribed treatment plan, which resulted in "[f]urther injuring the Plaintiff, torturing the Plaintiff, causing the Plaintiff more 'PAIN,' and 'suffering'." (ECF No. 9 at 15.) The Court will not address the merits of claim 1(a) at this time.

Claim 1(b)

Mr. Allen alleges in claim 1(b) that Defendant Jacob F. Patterson conspired with Defendants G. Santini, A. Alverado, M. Goodin, T. Overy, and A. Vinyard and filed a false medical report in November 2012 to cover up injuries Mr. Allen suffered in October 2010. This claim will be dismissed as legally frivolous because making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

In the order directing him to file an amended complaint, Magistrate Judge Boland specifically advised Mr. Allen that, for each claim he asserts, he must explain, clearly and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Allen that, although *pro se* pleadings must be construed liberally, this general rule has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Despite these instructions, Mr. Allen fails to allege specific facts in support of claim 1(b). Mr. Allen fails to explain why he believes the medical report is false or how the filing of a false medical report regarding an injury suffered two years earlier resulted in deliberate indifferent to his serious medical needs. He also fails to assert any facts that would support the alleged conspiracy. As a result, claim 1(b) is legally frivolous and must be dismissed. Because claim 1(b) is the only claim asserted against Defendants Jacob F. Patterson, M. Goodin, T. Overy, and A. Vinyard , those Defendants will be dismissed as parties to this action.

Claim 1(c)

Mr. Allen asserts in claim 1(c) that Defendant Baljek[2] and two nurses at St. Thomas Moore Hospital were deliberately indifferent to his serious medical needs on December 26, 2012, because he was forced to wear plastic restraints during a closed MRI consult and he had "to walk on a[n] injured lower back, injured left hip, injured right hip, and a[n] injured left knee, while restr[ai]ned with plastic restraints, without the support of crutches or a cane." (ECF No. 9 at 17-18.) Although Mr. Allen provides further factual allegations regarding the actions of the two nurses, who are not named as Defendants, he provides no further factual allegations regarding Defendant Baljek. As a result, the Court finds that Mr. Allen's Eighth Amendment claim against Defendant Baljek is vague and conclusory and must be dismissed as legally frivolous. *See*

---

[2]Plaintiff refers to Defendant "Baljek" in the caption of the amended Prisoner Complaint and to Defendant "Bialek" in his allegations in support of claim 1(c). It is not clear which spelling is correct.

*Ketchum*, 775 F. Supp. at 1403.  Because claim 1(c) is the only claim asserted against Defendant Baljek, Defendant Baljek will be dismissed as a party to this action.

### Claim 2

Mr. Allen's second claim in the amended Prisoner Complaint is asserted as both a retaliation claim and an Eighth Amendment claim.  However, Mr. Allen fails to allege facts that demonstrate the alleged retaliatory actions were taken because he exercised his constitutional rights.  *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012) (noting that, in order to state a retaliation claim, a plaintiff must demonstrate (1) that he was engaged in constitutionally protected activity, (2) that the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's constitutionally protected activity).  Therefore, the Court will consider Mr. Allen's allegations in claim 2 only in the context of the Eighth Amendment.

Claim 2(a)

Mr. Allen alleges in claim 2(a) that Defendants M. Tucker, Batulis, and McAvoy subjected him to torture by ignoring his medical restrictions and assigning him to a cell on the second floor and housing him with other inmates.  The Court will not address the merits of Mr. Allen's claim 2(a) against Defendants Tucker, Batulis, and McAvoy at this time.

Claims 2(b) and 2(c)

Mr. Allen alleges in claim 2(b) that Defendant Rogers intentionally contaminated his prescribed pain medication with drops of blood, insulin, and other liquid waste.  He

similarly alleges in claim 2(c) that Defendant S. Hendricks dispensed medication to Mr. Allen while wearing gloves contaminated with blood. The Court will not address the merits of Mr. Allen's claims 2(b) and 2(c) against Defendants Rogers and S. Hendricks at this time.

Claim 2(d)

Mr. Allen alleges in claim 2(d) that he was subjected to cruel and unusual punishment when Defendant Koch denied him his evening meal on January 12, 2013, and again on January 24, 2013. This claim lacks merit.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Allen must allege that prison officials were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Allen must demonstrate both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

Although adequate food clearly is protected by the Eighth Amendment, Mr. Allen's claim that he was subjected to cruel and unusual punishment when he was denied an evening meal on two occasions does not rise to the level of a constitutional violation because "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal

7

civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Therefore, claim 2(d) is legally frivolous and must be dismissed. Because claim 2(d) is the only claim asserted against Defendant Koch, Defendant Koch will be dismissed as a party to this action.

Claim 2(e)

Mr. Allen alleges in claim 2(e) that Defendant Brawl denied him access to the pill line on March 19, 2013, in order to deny Mr. Allen medical care. He further alleges that Defendant Brawl denied his request to speak to the operations lieutenant and access to the hospital. The Court finds that Mr. Allen's claim against Defendant Brawl is legally frivolous and must be dismissed. For one thing, the claim is vague and conclusory because Mr. Brawl fails to allege that he suffered any injury as a result of Defendant Brawl's actions. *See Ketchum*, 775 F. Supp. at 1403. In addition, the alleged denial of access to the pill line on one occasion, without any injury, is not the sort of extreme deprivation required to support an Eighth Amendment claim. *See Hudson*, 503 U.S. at 9. Because claim 2(e) is the only claim asserted against Defendant Brawl, Defendant Brawl will be dismissed as a party to this action.

Claim 2(f)

Mr. Allen alleges in claim 2(f) that Defendants A. Alverado and G. Santini altered Mr. Allen's treatment plan with respect to his documented claustrophobic disorder by scheduling a closed MRI in order to torture him. The Court will not address the merits of claim 2(f) at this time.

Claim 2(g)

Mr. Allen alleges in claim 2(g) that Defendant Price subjected him to cruel and

8

unusual punishment by vandalizing Mr. Allen's cell and stealing his commissary, legal material, and gym bag on May 21, 2013. This Eighth Amendment claim lacks merit and must be dismissed as legally frivolous because Mr. Allen fails to allege facts that demonstrate he was denied "'the minimal civilized measure of life's necessities.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 347). Because claim 2(g) is the only claim asserted against Defendant Price, Defendant Price will be dismissed as a party to this action.

## Claim 3

Mr. Allen's third claim in the amended Prisoner Complaint is asserted as a procedural due process claim. Claim 3 includes four distinct subclaims.

Claim 3(a)

Mr. Allen alleges in claim 3(a) that Defendants Warden Teresa Rhodes and Assistant Warden K. Cozzo failed to conduct an adequate investigation of his complaints on December 12, 2013, and that, as a result, they "acquiesced to their subordinates['] wrong doing, and tacitly approved of such conduct." (ECF No. 9 at 24.) Mr. Allen also alleges that on April 9, 2013, Defendant Assistant Warden K. Cozzo interrupted him when he was making a verbal complaint about the denial of medical treatment and screamed at him.

The Court finds that claim 3(a) is legally frivolous and must be dismissed because Mr. Allen fails to allege that he was deprived of a constitutionally protected interest in life, liberty, or property when Defendants Warden Teresa Rhodes and Assistant Warden K. Cozzo failed to conduct an adequate investigation or when Assistant Warden K. Cozzo interrupted and screamed at him. *See Templeman v.*

*Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (noting that the Constitution guarantees due process only when a person is to be deprived of life, liberty, or property).

In addition, Mr. Allen's allegation that these supervisory officials acquiesced in and tacitly approved of the underlying constitutional violations is not sufficient to demonstrate personal participation in the underlying constitutional violations. "Individual liability under [*Bivens*] must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). As a result, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Because claim 3(a) is the only claim asserted against Defendants Warden Teresa Rhodes and Assistant Warden K. Cozzo, they will be dismissed as parties to this action.

Claim 3(b)

Mr. Allen alleges in claim 3(b) that Defendant Vincent denied him his right to file a grievance on December 14, 2012. This claim lacks merit and must be dismissed because Mr. Allen does not have a constitutional right to file a grievance. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (noting that various circuits have held "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure). Because claim 3(b) is the only claim asserted against Defendant Vincent, Defendant Vincent will be dismissed as a party to this action.

Claim 3(c)

Mr. Allen alleges in claim 3(c) that Defendants A. Alverado and Hutchinson denied him his right to see a psychiatrist. Because Mr. Allen alleges no facts in support of this vague and conclusory assertion, claim 3(c) will be dismissed as legally frivolous. *See Ketchum*, 775 F. Supp. at 1403. Because claim 3(c) is the only claim asserted against Defendant Hutchinson, Defendant Hutchinson will be dismissed as a party to this action.

Claim 3(d)

Mr. Allen finally alleges in claim 3(d) that Defendant Norman K. Lau violated his "right to Due Process by refusing to take any action against the Bureau of Prisons for the criminal misconduct of its medical staff, and Administrative Departments." (ECF No. 9 at 27.) Defendant Lau is a Special Agent in Charge in the Office of the Inspector General of the United States Department of Justice. (*See* ECF No. 9-4 at 36.) Mr. Allen apparently sent a letter to the Office of the Inspector General complaining about misconduct by BOP personnel. (*See id.*) According to Mr. Allen, Defendant Lau's failure to take action in response to Mr. Allen's letter has resulted in the following:

> [t]he defendants have been allowed to torture the Plaintiff.
> As of today the Plaintiff is not rec[ei]ving any pain medication
> or treatment for his injuries. The Plaintiff can not go to the
> hospital at FCI Florence, because the medical staff have
> been allowed to deny the Plaintiff medical treatment, by the
> Office of the Inspector General.

(ECF No. 9 at 27.)

The Court finds that claim 3(d) lacks merit because Mr. Allen fails to allege facts that demonstrate his constitutional rights have been violated by Defendant Lau in any

11

way.  Defendant Lau did not prevent Mr. Allen from petitioning the government for relief and his response to Mr. Allen's complaint about prison misconduct does not demonstrate he personally participated in the alleged misconduct.  *See Foote*, 118 F.3d at 1423.  Because claim 3(d) is the only claim asserted against Defendant Lau, he will be dismissed as a party to this action.

For the reasons discussed in this order, the Court will dismiss claims 1(b), 1(c), 2(d), 2(e), 2(g), 3(a), 3(b), 3(c), and 3(d) in the amended Prisoner Complaint as legally frivolous.  The Court also will dismiss as parties to this action Defendants United States of America, M. Keller, St. Thomas Moore Hospital, Jacob F. Patterson, M. Goodin, T. Overy, A. Vinyard, Baljek, Koch, Brawl, Price, Teresa Rhodes, K. Cozzo, Vincent, Hutchinson, and Norman K. Lau.  Mr. Allen's remaining claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that claims 1(b), 1(c), 2(d), 2(e), 2(g), 3(a), 3(b), 3(c), and 3(d) in the amended Prisoner Complaint (ECF No. 9) are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendants United States of America, M. Keller, and St. Thomas Moore Hospital are dismissed as parties to this action because Plaintiff does not assert any claim against them and Defendants Jacob F. Patterson, M. Goodin, T. Overy, A. Vinyard, Baljek, Koch, Brawl, Price, Teresa Rhodes, K. Cozzo, Vincent, Hutchinson, and Norman K. Lau are dismissed as parties to this action because the claims against them are legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  2nd  day of   August  , 2013.

BY THE COURT:

  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court