**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01316-MSK-CBS

**RODNEY B. ALLEN,**

    Plaintiff,

v.

**M. TUCKER (Pueblo Unit Manager);**
**BATULIS (Pueblo Unit Counselor);**
**McAVOY (Norwood Unit Manager);**
**G. SANTINI, M.D. (Staff Physician);**
**A. ALVERADO (Assistant Health Administrator);**
**S. HENDRICKS (Registered Nurse);**
**ROGERS (Registered Nurse),**

    Defendants.

---

**OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (**#36**), Plaintiff Rodney Allen's Objection (**#34**),[1] and the Defendants' Reply (**#38**).

---

[1] The Defendants filed a Motion for Leave to File Motion for Summary Judgment (**#27**). Mr. Allen responded to that motion with an Objection (**#34**) which addressed the merits of the Defendants' proposed Motion for Summary Judgment and included relevant supporting evidence. After Defendants filed the Motion for Summary Judgment, Mr. Allen filed a "Supplement" (**#37**) to his previous Objection. However, the Supplement addressed only the Magistrate Judge's Order (**#31**) denying Mr. Allen's Motion for Appointment of Counsel (**#29**). Because the Court is mindful of Mr. Allen's *pro se* status, it reads his pleadings and filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007). Accordingly, the Court considers Mr. Allen's Objection and attached evidence as his Response to the Defendants' Motion for Summary Judgment.

1

## I.     ISSUE PRESENTED

Mr. Allen is a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado ("FCI-Florence"). In his *pro se* Amended Complaint (**#9**), Mr. Allen alleges that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide proper medical treatment.

The Defendants move for summary judgment, arguing that Mr. Allen failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

## II.     MATERIAL FACTS

Based upon the evidence submitted by the parties, which the Court construes most favorably to Mr. Allen for purposes of this motion, the Court finds the following facts.

The BOP has a four-tiered administrative remedy process, which an inmate must complete prior to seeking judicial review. *See* 28 C.F.R. § 542.10–19. The first tier requires an inmate to seek informal resolution of his grievance with the staff of the institution in which he is incarcerated. *See* 28 C.F.R. § 542.13. The second tier requires the inmate to submit a written Administrative Remedy Request to the institution's warden. *See* 28 C.F.R. § 542.14. The warden has twenty days to respond. *See* 28 C.F.R. § 542.18. If dissatisfied with the warden's response, an inmate may appeal to the Regional Director. *See* 28 C.F.R. § 542.15(a). An inmate may also seek review directly from the Regional Director, and bypass informal resolution or review from the warden, if "the issue is sensitive and the inmate's safety or well-being would be placed in danger." *See* 28 C.F.R. § 542.14(d)(1). The Regional Director has thirty days to respond to the inmate's appeal. *See* 28 C.F.R. § 542.18. The fourth and final tier of administrative review requires the inmate to appeal the Regional Director's determination to the General Counsel in the

Central Office. *See id.* The Central Office has forty days to respond to the inmate's appeal. *See* 28 C.F.R. § 542.18. If an inmate does not receive a response within the time allotted for the relevant tier in the process, "the inmate may consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18.

Typically, the initial complaint in the process is assigned a unique Remedy ID Number, which will follow the complaint throughout the appeal process. The Remedy ID also contains a suffix which includes a letter and number to identify the level of review. The letter included in the suffix identifies where the review occurred: "F" corresponds to review at the institutional level, "R" corresponds to review by the Regional Office, and "A" corresponds to review at the Central Office. The number in the suffix identifies how many times the complaint has been reviewed at that particular level.

Mr. Allen submitted an Informal Resolution Form followed by at least seven written requests to the warden, the Regional Director, and Central Office. First, Mr. Allen submitted a Request for Administrative Remedy ("Request") to the warden on December 17, 2012. The warden's office received the Request on January 10, 2013 and assigned it Remedy ID number 718457-F1. The warden issued a response denying Mr. Allen's Request on January 30, 2013. The denial was delivered to Mr. Allen on February 23, 2013.

On February 11, 2013, before receiving the warden's denial of his Request, Mr. Allen submitted a Regional Administrative Remedy Appeal to the Regional Office ("First Regional Appeal"). The Regional Office received it on March 1, 2013 and assigned it a new Remedy ID number, 725315-R1. On March 7, 2013, the Regional Office rejected Mr. Allen's First Regional Appeal on the grounds that the "issue [Mr. Allen] raises is not sensitive." The warden's office received the Regional Office's rejection on March 18, 2013.

On March 25, 2013, Mr. Allen submitted a Central Office Administrative Remedy Appeal ("First Central Office Appeal"). The Central Office received Mr. Allen's appeal on April 3, 2013. Although Mr. Allen stated that he was appealing Remedy ID number 725315-R1, the Central Office labeled his appeal as Remedy ID number 718457-A1. On April 5, 2013, the Central Office rejected Mr. Allen's First Central Office Appeal because he submitted his request to the wrong level and used the improper form. It directed Mr. Allen to resubmit his complaint to the Regional Director on the appropriate form. The warden's office received the rejection on June 1, 2013.

In response to the denial of his First Central Office Appeal, Mr. Allen submitted another Regional Administrative Remedy Appeal ("Second Regional Appeal") on June 12, 2013. After receiving Mr. Allen's Second Regional Appeal, Remedy ID number 718457-R2, on June 17, 2013, the Regional Office rejected it on June 18, 2013 because it was untimely and submitted on the wrong form. The warden's office received the rejection on June 25, 2013.

Mr. Allen appealed the rejection of his Second Regional Appeal to the Central Office. The Central Office received Mr. Allen's Second Central Office Appeal, Remedy ID number 718457-A2, on July 9, 2013, rejected it on July 10, 2013, and returned it to the warden's office on July 16, 2013.

After filing his Amended Complaint on July 23, 2013, Mr. Allen submitted a Third Central Office Appeal, Remedy ID number718457-A3, and a Third Regional Appeal, Remedy ID number 718457-R2, both of which were rejected for procedural defects.

### III.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

4

Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser–Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed.R.Civ.P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward,* 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie

claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## IV. ANALYSIS

The Defendants assert that summary judgment is appropriate because the evidence presented establishes that Mr. Allen failed to exhaust the BOP's administrative remedy process as required by the PLRA.

The PLRA requires a prisoner to exhaust available administrative remedies before bringing an action related to prison conditions. Failure to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead and prove. *Jones v. Bock,* 549 U.S. 199, 216 (2007). Exhaustion of administrative remedies is a "precondition" to filing a lawsuit. *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1140 (10th Cir. 2005). To properly exhaust administrative remedies, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," which are defined "by the prison grievance process itself." *Jones v. Bock,* 549 U.S. 199, 218 (2007). In other words, to fully exhaust the administrative procedure, an inmate must pursue the grievance through all available levels of the process, either by completing all available appeals or by obtaining the relief sought at any stage. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002).

Here, there is no dispute that Mr. Allen completed the first two tiers of the BOP's administrative remedy process by seeking informal resolution and then submitting his written Request to the warden at FCI-Florence. Defendants assert, however, that Mr. Allen failed to complete the final two tiers because his multiple appeals to the Regional Director and Central Office failed to comply with the BOP's procedural requirements. Although the Defendants ask

6

the Court to consider only whether Mr. Allen exhausted the administrative process, the Court must also determine whether an administrative remedy was available to him.

The PLRA requires only that an inmate exhaust "available" remedies. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). An inmate's failure to exhaust is excusable if the remedy becomes unavailable because of the action or inaction of prison officials. *See id.* In other words, if "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable.'" *See id.* Thus, a prison official's "failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *See Jernigan*, 304 F.3d at 1032.

The regulations that govern the BOP's administrative process require a warden to respond to an inmate's request within twenty days after it is received. An inmate must appeal a warden's denial within twenty days "of the date the Warden <u>signed the response</u>." 28 C.F.R. § 542.15 (emphasis added). Alternatively, if an inmate "does not <u>receive</u> a response" within the required time frame, the regulations instruct the inmate to consider the lack of response to be a denial of his request. 28 C.F.R. § 542.18 (emphasis added). Accordingly, in order to exhaust the administrative remedy process in such a circumstance, an inmate would need to appeal that implicit denial to the Regional Director.

Here, the warden at FCI-Florence received Mr. Allen's request on January 10, 2013 and signed a response on January 30, 2013. Although, the warden signed a response within the time limit required by the regulations, the response was not delivered to Mr. Allen until twenty-four days later—a total of forty-four days after it was received by the warden. Thus, Mr. Allen could not have timely appealed the warden's actual denial of his Request because he did not receive the warden's response until more than twenty days after the warden signed it.

When viewed in the light most favorable to Mr. Allen, the delay in delivering the warden's response significantly hindered his efforts to avail himself of the BOP's administrative remedy process because it effectively foreclosed Mr. Allen's ability to appeal in accordance with the regulations. *See Jernigan*, 304 F.3d at 1032. Mr. Allen attempted to exhaust the administrative process, as directed by the regulations-after twenty days passed, he apparently presumed that the warden had denied his Request and he appealed from such denial to the Regional Director. The Defendants have had notice of his appeal and the opportunity to consider it. On this record, the Defendants have failed to establish that Mr. Allen's claim should be barred for failure to exhaust his administrative remedies as required by the PLRA.

## V.     CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment (**#36**) is **DENIED**. The parties shall contact the Magistrate Judge to schedule a scheduling conference or to receive further instructions regarding this case.

Dated this 15th day of September, 2014.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge