IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 13-cv-01316-MSK-CBS

RODNEY B. ALLEN,

        Plaintiff,

v.

M. TUCKER (Pueblo Unit Manager),
BATULIS (Pueblo Unit Counselor),
McAVOY (Norwood Unit Manager),
G. SANTINI, M.D. (Staff Physician),
A. ALVARADO (Assistant Health Administrator),
S. HENDRICKS (Registered Nurse),
ROGERS (Registered Nurse),

        Defendants.

---

RECOMMENDATION REGARDING DEFENDANT ALVARADO'S MOTION TO DISMISS

---

Magistrate Judge Shaffer

    This matter comes before the court on Defendant Allyson Alvarado's Motion to Dismiss [Doc. 47]. The motion was referred to the Magistrate Judge by Order of Reference [Doc. 48] dated December 2, 2014. Plaintiff Rodney B. Allen filed his response [Doc. 54] on December 15, 2014.[1] For the following reasons, the court recommends that Defendant Alvarado's motion be granted.

## BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff filed his Amended Complaint ("complaint") on July 23, 2013, alleging that his rights under the United States Constitution had been violated. [Doc. 9]. In his complaint, Plaintiff

---

[1] On April 27, 2015, Plaintiff filed another "Objection" [Doc. 78] to Defendant Alvarado's Motion to Dismiss. It is identical to his original response.

1

asserted a number of claims against over twenty defendants, including Defendant Alvarado. *Id*. After a review of the complaint, the court dismissed several of Plaintiff's claims as legally frivolous. [*See* Doc. 10]. However, the claim against Defendant Alvarado was permitted to proceed.[2] *Id*. at 8.

Plaintiff claims that Defendant Alvarado was deliberately indifferent to his severe medical need in violation of the Eighth Amendment. Specifically, Plaintiff alleged that Defendant Alvarado altered Plaintiff's treatment plan with respect to his documented claustrophobic disorder by scheduling a closed MRI to torture him. [*See* Doc. 9 at p. 23; Doc. 10 at p. 8]. Defendant Alvarado has now filed a motion to dismiss based on a lack of subject matter jurisdiction. [Doc. at 47].

## DISCUSSION

**A.     Standard of Review**

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex rel. U.S. Army, Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

A motion to dismiss for a lack of subject matter jurisdiction may take two forms. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). It may facially attack a complaint's

---

[2] The court also permitted four other claims against other defendants to proceed. [Doc. 10].

allegations or, as here, it may challenge the facts upon which subject matter jurisdiction depends. *Id*. at 1002-1003.

> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1003 (internal citations omitted); *see also Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

The court is cognizant of the fact that Plaintiff is proceeding without an attorney. Consequently, his pleadings and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (19972)). However, this court cannot act as a *pro se* litigant's advocate. *Id*.

**B.    Absolute Immunity**

In her motion to dismiss, Defendant Alvarado argues that this court lacks jurisdiction to consider Plaintiff's claims against her because she is a commissioned officer with the Public Health Service ("PHS") and, therefore, is not subject to *Bivens* liability. [*See* Doc. 47 at 3-4 and Doc. 47-1 at ¶1].

Pursuant to 42 U.S.C. § 233(a), the Federal Tort Claims Act is the exclusive remedy "for damage for personal injury . . . resulting from the performance of medical [treatment] by any commissioned officer or employee of the Public Health Service." *Hui v. Castaneda*, 559 U.S.

3

799, 804 (2010) (quoting § 233(a)). In *Hui*, the Supreme Court recognized that the plain language of the statute preempted *Bivens* claims made by inmates for inadequate medical treatment. *Id*. at 802 ("PHS officers are not personally subject to *Bivens* actions for harms arising out of" medical or related functions).

Here, Defendant Alvarado has provided a Declaration in which she attests that at the time giving rise to the allegations in the complaint, she was a Lieutenant Commander with the PHS. [Doc. 47-1 at ¶1]. In addition, she attests that at all times relevant to this cause of action, all of her interactions with Plaintiff and actions with regard to Plaintiff were in performance of a medical or related function within the course and scope of her employment. *Id*. at ¶ 2. Plaintiff has not controverted these declarations. [*See* Doc. 54]. Rather, in his response, Plaintiff makes the bare and unsupported assertion that Defendant Alvarado was not acting within the scope of her official duties. *Id*. at ¶ 3. Such conclusory arguments are insufficient. And the statutory provision that Plaintiff relies upon — 42 U.S.C. § 233(e) — is irrelevant to the immunity provision at issue here. 42 U.S.C. § 233(e) provides a limited exception to the list of claims that are exempt from the FTCA. Section 233(e), however, has no effect on Defendant Alvarado's claim of immunity. Consequently, the court finds that Plaintiff cannot bring a *Bivens* action against Defendant Alvarado.

## CONCLUSION

Based on the foregoing, the court recommends that Defendant Alvarado's Motion to Dismiss be GRANTED and the claims against her be dismissed in their entirety.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for *de novo* review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 14th day of July, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

6