**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01316-MSK-CBS

**RODNEY B. ALLEN,**

      **Plaintiff,**

**v.**

**M. TUCKER (Pueblo Unit Manager),
BATULIS (Pueblo Unit Counselor),
MCAVOY (Norwood Unit Manager),
G. SANTINI, M.D. (Staff Physician),
A. ALVERADO (Assistant Health Administrator),
S. HENDRICKS (Registered Nurse),
ROGERS (Registered Nurse), and**

      **Defendants.**

---

**OPINION AND ORDER ADOPTING RECOMMENDATIONS IN PART AND
GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**

---

      **THIS MATTER** comes before the Court primarily pursuant to two Recommendations issued by the Magistrate Judge: a July 14, 2015 Recommendation (**# 79**) that Defendant Alvarado's Motion to Dismiss (**# 47**) be granted and Mr. Allen's Objections (**# 84**) to that Recommendation; and a July 30, 2015 Recommendation (**# 82**) that Mr. Allen's Motion to Amend (**# 49**) be denied without prejudice, and that the Defendants' Motion to Dismiss (**# 58**) be granted in part, dismissing certain claims against certain Defendants, and denied in part, allowing certain claims to proceed, Mr. Allen's Objections (**# 87, 88, 89**), and Defendants Batulis, McAvoy, and Tucker's Objections (**# 86**).  Mr. Allen has also filed Objections (**# 90**) to an August 14, 2015 Order (**# 85**) by the Magistrate Judge denying Mr. Allen's Motion for Discovery (**# 65**) as premature.

1

## **FACTS**

Mr. Allen, who pursues this action *pro se*,[1] is an inmate in the custody of the Federal Bureau of Prisons ("BOP").  His Amended Complaint **(# 9)** sets forth a collection of grievances arising out of his incarceration.  In reviewing Mr. Allen's claim during an initial screening, Senior Judge Babcock construed Mr. Allen to assert numerous claims, but dismissed **(# 10)** several of them as frivolous.  Following that Order, the claims that remain are:

Claim 1(a): In April 2012, Mr. Allen was prescribed morphine sulfate for pain management, at a dosage of 30 mg. twice per day.  Beginning in or about November 2012, Defendant Santini, a BOP medical provider, began changing Mr. Allen's prescription, first down to one dose per day instead of two, then reducing the size of the dose, then refusing to renew the prescription altogether.  Mr. Allen contends that these acts caused him to experience severe, ongoing pain, violating is Eighth Amendment right to be free from deliberate indifference to his medical needs.

Claim 2(a): Due to various injuries Mr. Allen has sustained, he has be given certain medical restrictions, including directives that he be housed in a cell on the first floor of a facility and that he be assigned a lower bunk.  In August 2012, Defendants Tucker, Batulis, and McAvoy purposefully ignored those restrictions, instead assigning him to a cell on the second floor with two other inmates (which, the Court assumes, prevented him from having a lower bunk).   Mr. Allen alleges that these actions violated his Eighth Amendment right to be free from deliberate indifference to his medical needs.

Claim 2(b) and 2(c): In December 2012, Defendant Rogers, a nurse, "intentionally contaminated" medication Mr. Allen was about to take "with blood, insulin, and other liquid

---

[1]    Accordingly, the Court construes his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

waste." Mr. Allen objected, and Mr. Rogers told him that he must either accept the tainted medication or that he would not receive any medication. Mr. Rogers later "slammed the pill window shut" and confronted Mr. Allen, threatening to beat Mr. Allen with his radio. Mr. Rogers again contaminated Mr. Allen's medicine the following day as well.

Mr. Allen experienced a similar situation in October 2012 with Defendant Hendricks. At the time, Ms. Hendricks was distributing medication while wearing gloves that had streaks of blood on hem. Mr. Allen states that Ms. Hendricks made sure that Mr. Allen saw the blood, so that he would realize that she was contaminating his medication. As to both events, Mr. Allen alleges that the conduct violated his Eighth Amendment right to be free from deliberate indifference to his medical needs.

Claim 2(f): In December 2012, Mr. Allen underwent an MRI examination at the St. Thomas Moore Hospital. Although Mr. Allen was initially scheduled to have that examination in an open MRI environment, Defendants Santini and Alvarado overrode that instruction, instead directing that the examination be conducted in a closed environment, with Mr. Allen restrained by "plastic restraints." He alleges that he has a well-established condition of claustrophobia and that the Defendants Santini and Alvarado, aware of that condition, purposefully scheduled a closed-environment proceeding in order to "torture" him. He contends that this violated his Eighth Amendment rights.

The Defendants filed motions to dismiss Mr. Allen's claims against them. Ms. Alvarado moved (# 47) to dismiss the claims against her on the grounds of absolute immunity. Specifically, Ms. Alvarado states that she is an employee of the Public Health Service and was acting within the scope of her employment when she performed the acts discussed above, and thus, is protected by statutory immunity under 42 U.S.C. § 233(a) (which provides that a suit in

tort against the United States is the exclusive remedy for persons complaining of injuries resulting from the acts of such employees).

Defendants Tucker, Batulis, McAvoy, Santini, Alvarado, Hendricks, and Rogers jointly moved to dismiss (# 58) the claims against them, arguing that Mr. Allen's various allegations regarding his medical care fail to state an Eighth Amendment violation.

Separately, Mr. Allen moved (# 49) for leave to file a Second Amended Complaint, a lengthy document cataloging a wide variety of complaints against some 37 defendants.

The Court referred these motions to the Magistrate Judge for a Recommendation.  On July 14, 2015, the Magistrate Judge recommended (# 79) that Ms. Alvarado's Motion to Dismiss be granted.  Mr. Allen filed timely Objections (# 84) to that Recommendation, largely contending that the Magistrate Judge improperly "argued for the defendant" in reaching his conclusions.  As to the substantive issue, the operation of 42 U.S.C. § 233(a) in these circumstances, Mr. Allen argues merely that the statute "is irrelevant" here, offering no further elaboration.

On July 30, 2015, the Magistrate Judge issued an oral Recommendation (# 82, 83), recommending: (i) that Mr. Allen's Motion to Amend should be denied on the grounds that many of the putative claims therein are brought against BOP employees outside of Colorado, over whom the Court would not have personal jurisdiction and that many of Mr. Allen's potential claims are supported by nothing more than conclusory assertions; (ii) that as to the Defendants' Motion to Dismiss, the claims against Defendant Santini should be dismissed because the medical records attached to the Amended Complaint demonstrate a suggestion that Mr. Allen's pain medication be "tapered off" because Mr. Allen's condition did not warrant it and thus, Mr. Allen identified only a difference of opinion over the proper course of treatment to be provided;

4

(ii) the claims against Defendants Rogers and Hendricks should be dismissed because Mr. Allen offers only a conclusory assertion that the provision of "tainted" medicine "posed either a serious condition or demonstrate deliberate indifference on the part of those two defendants"; and (iii) as to the claim against Defendants Tucker, McAvoy, and Batulis, Mr. Allen had adequately alleged that Mr. Allen had been diagnosed with the medical condition of claustrophobia, that the Defendants were subjectively aware of that condition, and that they purposefully ignored it when assigning Mr. Allen to a cell (and indeed, that they threatened to purposefully exacerbate the condition with a re-assignment to an even more crowded cell if Mr. Allen complained).  It does not appear that the Magistrate Judge's oral Recommendation addressed Claim 2(f), the claim that Defendants Alvarado and Santini purposefully subjected Mr. Allen to a closed-environment MRI.

Mr. Allen filed timely Objections (**# 86, 87**)[2] to that Recommendation, although the substance of his Objections consist of unadorned statements that he objects to the Recommendation, a lengthy discussion of collateral issues having to do with the Magistrate Judge's conduct of the hearing at which he delivered his oral Recommendation, and some discussion of events entirely unrelated to the merits of the Recommendation.  Later, he filed a somewhat longer version of his Objections (**# 89**) that contained a more substantive discussion of his objections.

Separately, Defendants Tucker, McAvoy, and Batulis filed Objections (**# 86**), arguing that the Magistrate Judge erred in finding that they were subjectively aware of Mr. Allen's diagnosis of claustrophobia.

---

[2]     Docket # 87 appears to be an identical duplicate of Docket # 86.

Mr. Allen has also filed "Motion for Discovery," making certain discovery requests in this action (# 65).  On August 14, 2015, the Magistrate Judge denied (# 85) that motion as premature, stating that the he would take up the issue of discovery following this Court's ruling on the pending Recommendations.  Mr. Allen filed timely Objections (# 90) to this Order, largely arguing that he needed to conduct discovery before the deadlines in the Scheduling Order passed.

## ANALYSIS

### A.  Standard of review

The Court reviews the objected-to portions of the Magistrate Judge's Recommendation on dispositive motions *de novo*.  Fed. R. Civ. P. 72(b).

As to Mr. Allen's Objections to the Magistrate Judge's Order denying his motion for discovery, that non-dispositive order is reviewed under Fed. R. Civ. P. 72(a)'s "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications*, *Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Accordingly, the Plaintiff's Objections will be overruled unless the Court finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made."  *Ariza,* 167 F.R.D. at 133, *citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

In considering the Defendants' motions to dismiss under Rule 12(b)(6), the Court the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party.  *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  The Court must limit its consideration to the four

6

corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

All of Mr. Allen's claims allege deliberate indifference under the Eighth Amendment. To plead such a claim, Mr. Allen must allege facts showing that: (i) he had a serious medical need – that is, a medical condition that has been diagnosed as mandating treatment or one that poses a serious risk of harm to the prisoner; (ii) that the Defendants knew of the serious risk of harm faced by the prisoner; and (iii) that the Defendants consciously chose to ignore that risk by delaying or denying medical treatment for it. *Mata v. Saiz*, 427 F.3d 745, 752-60.

**B. Motions to dismiss**

Turning first to Ms. Alvarado's motion, the Court is not entirely convinced that Mr. Allen's perfunctory Objections to the substance of the Recommendation is sufficiently specific to preserve the matter for further review by this Court. *See U.S. v. One Parcel of Real Property*, 73 F.3d 1057 (10th Cir. 1996) ("an objection stating only 'I object' preserves no issue for review"). In any event, even if the Court were to review the matter *de novo*, it would reach the same conclusions as the Magistrate Judge and for the same reasons. Accordingly, the Court adopts the Recommendation and grants Ms. Alvarado's motion, dismissing Claim 2(f) against her. Because this is the only remaining claim asserted against Ms. Alvarado, the Court will amend the caption of this action to omit her.

As to the remaining motion, upon *de novo* review, the Court agrees with the Recommendation that Claim 1(a) against Defendant Santini be dismissed. The Court does not necessarily believe that it is necessary to closely canvass the medical records attached by Mr. Allen to the Complaint to reach this conclusion. It is sufficient to observe that, by Mr. Allen's own admission, Defendant Santini purposefully phased out Mr. Allen's morphine prescription, rather than abruptly cutting that prescription off. The decision to gradually wean Mr. Allen off the pain medicine clearly indicates that Defendant Santini believed that it was no longer necessary for Mr. Allen to take the medicine and also that Defendant Santini was cognizant of the fact that Mr. Allen might have an adverse reaction to immediate cessation of the medicine. Such conduct is inconsistent with an allegation that Defendant Santini deliberately ignored Mr. Allen's medical needs in order to cause him to suffer pain. Although Mr. Allen might disagree with Defendant Santini's conclusion that he no longer required the medicine, the Magistrate Judge correctly observed that an inmate's mere disagreement with the course of treatment

selected by a medical provider is not enough to demonstrate an Eighth Amendment violation. *Gee v. Pacheco,* 627 F.3d 1178, 1192 (10th Cir.2010).

The Magistrate Judge did not address Mr. Allen's Claim 2(f), that Defendant Santini also engaged in deliberate indifference when deciding to send Mr. Allen for a closed-environment MRI examination instead of an open-environment one, knowing that Mr. Allen suffered from claustrophobia.  Defendant Santini moves to dismiss arguing that "undergoing a closed MRI" is not a sufficiently serious medical need and that Mr. Allen's claimed "documented" case of claustrophobia is not the equivalent of an actual diagnosis of claustrophobia.  The Court agrees that Mr. Allen's allegations that he suffers from claustrophobia constitutes a "serious medical need."  Mr. Allen points to no medical record from a qualified medical professional affirmatively diagnosing him with claustrophobia (as opposed to a medical professional simply recording Mr. Allen's own self-reported diagnosis), nor does he allege facts as to what serious risk to his health and safety would result from him being placed briefly in a confined space.  *See e.g. Goetsch v. Berge*, 3 Fed.Appx. 551, 553 (7th Cir. 2001) (dismissing inmate's claims that failure to accommodate his self-reported claustrophobia in granting him a larger cell constituted deliberate indifference).  Even assuming Mr. Allen's claustrophobic condition was of clinical significance, he has not alleged facts sufficient to demonstrate that Defendant Santini was aware of that fact; at best, Mr. Allen has merely alleged that Defendant Santini ignored what would appear to Defendant Santini to be Mr. Allen's own self-diagnosis.  *Id.*  Moreover, Defendant Santini correctly points out that the record does not reflect that Mr. Allen was ever actually subjected to a closed-environment MRI.  An April 5, 2013 medical record attached to Mr. Allen's Amended Complaint indicates that "There [have] been a total of 3 escorted town trips for the inmate including the last 2 attempts with an open MRI . . . All 3 trips the patient refused to enter the

open MRI despite the maximum amount of consideration for his apparent claustrophobia." This note suggests that Mr. Allen was never actually forced to undergo a closed MRI (only asked/"threatened" to), and thus, was never actually subjected to any risk of serious harm. Accordingly, the Court finds that Mr. Allen's Claim 2(f) against Defendant Santini must be dismissed.

As to Claims 2(b) and 2(c), the claims against Defendants Rogers and Hendricks, the Magistrate Judge found that Mr. Allen's allegations of "contamination" of his medicine were conclusory and that, in any event, Mr. Allen has not alleged facts showing that the alleged contamination of his medicine posed any significant medical risk to him. As to Defendant Hendricks, this Court agrees wholeheartedly. Mr. Allen has alleged only that Defendant Hendricks had blood on her gloves when she "handed [him] his medication." Mr. Allen does not allege that blood got onto his pills, or even that his pills were in contact with Ms. Hendricks' gloves (as opposed to being distributed in a pill cup). One might reasonably question Ms. Hendricks' hygienic practices in light of such an allegation, but absent a plausible factual contention from Mr. Allen that he faced a serious health risk from taking the pills proffered by Ms. Hendricks, the Court cannot say that Ms. Hendricks' conduct reflects deliberate indifference.

The situation is more complicated with Mr. Rogers. Mr. Allen expressly alleges that Mr. Rogers intentionally adulterated his medication with "drops of blood, insulin, and other liquid waste." The Court disagrees with the Magistrate Judge that such an allegation is a conclusion; it lacks a certain level of factual detail and is beset with some degree of incredibility, but it is a sufficiently definite to constitute a statement of alleged fact. Mr. Allen alleges that, being aware of the contamination, he refused to accept the medication. One might reasonably conclude that Mr. Rogers tendered the adulterated medicine to Mr. Allen, knowing that Mr. Allen would refuse

it, thus acting with the subjective intention of depriving Mr. Allen of the benefits of the medication.  Mr. Allen alleges that, because he rejected the proffered tainted pain medicine on two consecutive days, he "was in a lot of pain."  The 10th Circuit has recognized that conduct that subjects an inmate to "considerable pain" can satisfy the "serious harm" element.  *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014).  Under these circumstances, the Court finds that Mr. Allen has adequately alleged a claim for deliberate indifference against Mr. Rogers and denies Mr. Rogers' motion to dismiss.

That leaves Claim 2(a) against Defendants Tucker, McAvoy, and Batulis.  The Magistrate Judge concluded that Mr. Allen had sufficiently stated a claim for deliberate indifference against them.  In their Objections, these Defendants argue that the Magistrate Judge erred in finding that they were subjectively aware of Mr. Allen's serious medical need.  This fails to give sufficient deference to Mr. Allen's Amended Complaint, in which he alleges that he had "medical restrictions" that had been imposed on his housing status and that Mr. Tucker and Mr. Batulis "had a copy of the Plaintiff's medical restrictions but ignored them."[3]  The Defendants also argue that they had no reason to know that Mr. Allen's medical restrictions "relat[ed] to any diagnosed claustrophobia condition."  But Mr. Allen has adequately alleged that the housing restrictions these Defendants ignored was a "medical restriction," which the Court understands to mean a restriction that originated from BOP medical staff.  In such circumstances, Mr. Tucker and Mr. Batulis need not know the mechanism by which disregarding the medical restrictions would come to harm Mr. Allen; all that is necessary is for Mr. Allen to allege that Mr. Tucker

---

[3]     The Court does not read the Amended Complaint to allege that Mr. McAvoy had any involvement with this event, and thus, grants Mr. McAvoy's motion to dismiss.  Mr. Allen offers insufficiently conclusory allegations that Mr. McAvoy "conspired" with the other Defendants and that Mr. McAvoy did not respond adequately to Mr. Allen's complaints about Mr. Tucker, but these allegations fail to suffice to state an Eighth Amendment claim against Mr. McAvoy.

and Mr. Batulis knew that medical staff had placed restrictions on where Mr. Allen could be housed (*i.e.* that he had a "serious medical need" that a medical provider had diagnosed) and that they disregarded those restrictions when housing Mr. Allen (*i.e.* that they subjectively ignored that documented medical need).  Accordingly, the Court adopts the Recommendation to deny Mr. Tucker and Mr. Batulis' motion to dismiss.

### C.  Motion to Amend

Upon *de novo* review of the Motion to Amend in light of Mr. Allen's Objections, the Court nevertheless reaches the same conclusion as the Magistrate Judge and for the same reasons.  Accordingly, the Court adopts that portion of the Recommendation and denies Mr. Allen's Motion to Amend without prejudice.

### D.  Motion for Discovery

Having considered Mr. Allen's Objections to the Magistrate Judge's Order denying his motion for discovery under the appropriate Rule 72(a) standard, the Court finds no error by the Magistrate Judge.  Notably, the Order does not suggest, even indirectly, that Mr. Allen will be prohibited from ever engaging in discovery; it merely establishes that the Magistrate Judge properly exercised his discretion to delay the commencement of discovery until the appropriate contours of the case could be set by this Court's Order.

### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Mr. Allen's Objections (**# 84**), **ADOPTS** the July 14, 2015 Recommendation (**# 79**), and **GRANTS** Ms. Alvarado's Motion to Dismiss (**# 47**).  The Court **OVERRULES IN PART** and **SUSTAINS IN PART** Mr. Allen's Objections (**# 87, 88, 89**), **OVERRULES IN PART** and **SUSTAIN IN PART** Defendants' Tucker, Batulis, and McAvoy's Objections (**# 86**), and **ADOPTS IN PART** and **DECLINES IN**

**PART** the July 30, 2015 Recommendation (**# 82**).  The Court **GRANTS IN PART** the

Defendants' Motion to Dismiss (**# 58**), dismissing all claims against Defendants Santini,

Hendricks, and McAvoy, and **DENIES IN PART** the motion, insofar as the claims against

Defendants Tucker, Batulis, and Rogers will proceed.  The caption of this case is amended to

omit Defendants Alvarado, Santini, Hendricks, and McAvoy.  Mr. Allen's Motion to Amend (**#

49**) is **DENIED** without prejudice.  The Court **OVERRULES** Mr. Allen's Objections (**# 90**) and

**AFFIRMS** the Magistrate Judge's August 14, 2015 Order (**# 85**).

Dated this 29th day of September, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge